UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

JOHN GRIFFIN HEADRICK,

     Petitioner,

 v.

RICK SCOTT,

     Respondent.

CASE NO. 3:19-CV-05725-BHS-JRC

ORDER

The District Court has referred this action to United States Magistrate Judge J. Richard Creatura. On August 5, 2019, petitioner John Griffin Headrick, a pre-trial detainee housed at Grays Harbor County Jail, filed a federal habeas petition pursuant to 28 U.S.C. § 2241 (the "petition"). Dkts. 1, 6.

The Court has reviewed the petition and it appears that a petition under § 2241 is not the appropriate way to remove petitioner's pending state court proceedings to federal court, the petition is unexhausted, and it is inappropriate for the Court to intervene in this case. Therefore, the Court directs petitioner to file an amended pleading by October 9, 2019. The Court also denies petitioner's motion to appoint counsel. Dkt. 7.

## I. Background

Petitioner previously filed a case this Court styled as a "petition of removal" from state court. *See State of Washington v. Headrick,* 19-cv-5015-BHS; Dkt. 6 at 5. In that case, the Court denied petitioner's motion to proceed *in forma pauperis* and directed the Clerk to remand the matter to Grays Harbor Superior Court for the State of Washington. *State of Washington v. Headrick,* Dkt. 5. The Court takes judicial notice of *State of Washington v. Headrick.*

Petitioner now requests removal of his pending criminal charges from state to federal court in the form of a § 2241 petition. Dkt. 6. Petitioner states that his previous "petition for removal" was the wrong procedure. *Id.* at 5 (citing *State of Washington v. Headrick,* 19-cv-5015-BHS). He reasserts his claim that the state court lacks jurisdiction over his pending criminal proceeding. Dkt. 6.

In support of his petition, petitioner argues that he is being held in custody unlawfully because the trial court lacks jurisdiction and is not the proper venue. Dkt. 6. Petitioner contends that he is a "mixed-blood Cherokee Indian," the alleged offense occurred in "Indian Country," and that the proper venue is the Chehalis Indian Reservation and/or federal court. Dkt. 6 at 4. Petitioner requests that the Court dismiss his state court case for lack of jurisdiction or remand to the Confederated Tribes of the Chehalis Indian Reservation or federal court. Dkt. 6 at 24.

## II. Discussion

At the outset of a case, a district court must determine whether it has jurisdiction over a petition filed by a prisoner under § 2241. *Stephens v. Herrera,* 464 F.3d 895, 897 (9th Cir. 2006); *Hernandez v. Campbell,* 204 F.3d 861, 865 (9th Cir. 2000). Further, the Court must undertake a preliminary review of the petition to determine whether "it plainly appears from the face of the petition and any attached exhibits that the petitioner is not entitled to relief in the district court."

Rule 4, Rules Governing Section 2254 Cases; *see also* 28 U.S.C. § 2243 (Rules Governing Section 2254 cases may also be applied to habeas corpus actions filed under § 2241). If the petitioner is not entitled to relief, the petition must be summarily dismissed. *Id.; Obremski v. Maass,* 915 F.2d 418 (9th Cir. 1990) (affirming district court's summary dismissal as a matter of law, but relying upon Rule 4 rather than Rule 12(b)(6)).

**A.** <u>Relief Pursuant to Section 2241</u>

According to the petition, petitioner is awaiting a criminal trial in state court. Dkt. 6. A habeas petition under § 2241 "challenges the execution of a criminal sentence on grounds that a prisoner 'is in custody in violation of the Constitution or laws or treaties of the United States.'" *Benny v. U.S. Parole Commission,* 295 F.3d 977, 988 (9th Cir. 2002) (quoting 28 U.S.C. § 2241(c)(3)). If a petitioner establishes that the remedy under 2255 is inadequate or ineffective, a petitioner may also use a § 2241 petition to test the legality of his detention. *See* 28 U.S.C. § 2255(e). However, this exception is very limited and courts have rarely found the remedy under § 2255 to be inadequate or ineffective. *See Moore v. Reno*, 185 F.3d 1054, 1055 (9th Cir. 1999) (citing *United States v. Pirro*, 104 F.3d 297, 299 (9th Cir. 1997)). For example, the fact that a prior motion under § 2255 was unsuccessful does not render the remedy inadequate or ineffective. *See id.*

Here, although petitioner characterizes the instant petition as brought pursuant to § 2241, he does not allege any facts challenging the execution of his sentence. Nor has petitioner shown that any remedy under § 2255 was inadequate or ineffective. He simply alleges that his criminal proceeding should be heard in federal court and appears to restate his challenge to the state court's jurisdiction already rejected by this Court. *See* Dkt. 6 at 5; *State of Washington v. Headrick,* 19-cv-5015-BHS.

However, such a resort to a § 2241 petition is not proper. Petitioner is not permitted to remove his pending state court criminal proceedings to federal court. *See* 28 U.S.C. § 1446(a) (A civil action filed in state courts of which a federal district court has jurisdiction, "may be removed *by the defendant or defendants,* to the district court of the United States for the district and division embracing the place where such action is pending….") (emphasis added).

Petitioner is directed to show cause why this petition is proper under § 2241 or file an amended petition challenging the execution of his sentence.

**B.** Exhaustion

Second, although there is no exhaustion requirement mandated by 28 U.S.C. § 2241(c)(3), the Ninth Circuit Court of Appeals has held exhaustion is necessary as a matter of comity unless special circumstances warrant federal intervention prior to a state criminal trial. *Carden v. Montana*, 626 F.2d 82, 83-84 (9th Cir. 1980); *see Younger v. Harris*, 401 U.S. 37 (1971). Petitioner's claims will be considered exhausted only after "the state courts [have been afforded] a meaningful opportunity to consider allegations of legal error without interference from the federal judiciary." *Vasquez v. Hillery*, 474 U.S. 254, 257 (1986). "[S]tate prisoners must give the state courts one full opportunity to resolve any constitutional issues by invoking one complete round of the State's established appellate review." *O'Sullivan v. Boerckel*, 526 U.S. 838, 845 (1999).

Petitioner fails to show that he exhausted state court remedies by presenting federal constitutional or statutory claims to the Washington state trial and appellate courts in the ongoing criminal proceedings against him. Petitioner has also not shown special circumstances warrant

federal intervention in this case. Therefore, petitioner must show cause why this case should not be dismissed for failure to exhaust state remedies.

**C.** *Younger* Abstention

Third, petitioner's case may also be inappropriate in federal court under the *Younger* abstention doctrine. Under *Younger*, abstention from interference with pending state judicial proceedings is appropriate when: "(1) there is 'an ongoing state judicial proceeding'; (2) the proceeding 'implicate[s] important state interests'; (3) there is 'an adequate opportunity in the state proceedings to raise constitutional challenges'; and (4) the requested relief 'seek[s] to enjoin' or has 'the practical effect of enjoining' the ongoing state judicial proceeding." *Arevalo v. Hennessy*, 882 F.3d 763, 765 (9th Cir. 2018) (quoting *ReadyLink Healthcare, Inc. v. State Comp. Ins. Fund*, 754 F.3d 754, 758 (9th Cir. 2014)). Federal courts, however, do not invoke the *Younger* abstention if there is a "showing of bad faith, harassment, or some other extraordinary circumstance that would make abstention inappropriate." *Middlesex County Ethics Comm'n v. Garden State Bar Ass'n*, 457 U.S. 423, 435 (1982).

Here, petitioner's claims appear to implicate *Younger*. First, petitioner is a pre-trial detainee with ongoing state proceedings. Second, as these proceedings involve a criminal prosecution, they implicate important state interests. *See Kelly v. Robinson*, 479 U.S. 36, 49, (1986); *Younger*, 401 U.S. at 43-44. Third, petitioner has failed to allege facts showing that he has been denied an adequate opportunity to address the alleged constitutional violations in the state court proceedings. Last, petitioner raises claims that would effectively enjoin the ongoing state judicial proceeding. As the *Younger* abstention may apply to petitioner's claims, petitioner must show cause why this case should not be dismissed under *Younger*.

### III. Motion to Appoint Counsel (Dkt. 7)

There is no constitutional right to counsel in a habeas corpus action. *Coleman v. Thompson,* 501 U.S. 722, 755 (1991). A habeas petitioner has a right to counsel, as provided by rule, if an evidentiary hearing is required in his case. *See* Rule 8(c) of the Rules Governing Section 2254 Cases; 28 U.S.C. § 2243 (Rules Governing Section 2254 cases may also be applied to habeas corpus actions filed under § 2241). Whether counsel should be appointed turns on the petitioner's ability to articulate his claims in light of the complexity of the legal issues and his likelihood of success on the merits. See *Weygandt v. Look,* 718 F.2d 952, 954 (9th Cir. 1983).

At this time, the Court has not ordered service of the petition and has not determined an evidentiary hearing will be required. *See* Rules Governing Section 2254 Cases in the United States District Courts 6(a) and 8(c); 28 U.S.C. § 2243. Furthermore, petitioner effectively articulated his grounds for relief raised in the petition, and the grounds are not factually or legally complex. Thus, petitioner has not shown the interests of justice require that the Court to appoint counsel at this stage in the case.

As petitioner has not shown appointment of counsel is appropriate at this time, the motion to appoint counsel (Dkt. 7) is denied without prejudice.

### IV. Instructions to Petitioner and the Clerk

If petitioner intends to pursue this § 2241 habeas action, he must file response to this order and an amended petition on the form provided by the Court. The amended petition must be legibly rewritten or retyped in its entirety, it should be an original and not a copy, it should contain the same case number, and it may not incorporate any part of the original petition by reference. The amended petition will act as a complete substitute for the petition, and not as a supplement.

If petitioner fails to adequately address the issues raised herein or file an amended pleading on or before October 9, 2019, the undersigned will recommend dismissal of this action. The Clerk is directed to provide petitioner with the forms for filing a petition for habeas corpus relief pursuant to 28 U.S.C. § 2241.

Dated this 10th day of September, 2019.

J. Richard Creatura
United States Magistrate Judge