UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

JOHN G. HEADRICK,

             Petitioner,

   v.

RICHARD R. SCOTT,

             Respondent.

CASE NO. 3:19-cv-05725-BHS-JRC

ORDER FOR SUPPLEMENTAL BRIEFING

The District Court has referred this petition for a writ of habeas corpus to United States Magistrate Judge J. Richard Creatura. Petitioner John G. Headrick filed the petition pursuant to 28 U.S.C. § 2241. Before the Court is respondent's response arguing in relevant part that petitioner has failed to properly exhaust his state court remedies before filing this petition. Dkt. 18.

"[A] state prisoner must normally exhaust available state judicial remedies before a federal court will entertain his petition for habeas corpus." *Picard v. Connor*, 404 U.S. 270, 275 (1971). Petitioner's claims will be considered exhausted only after "the state courts [have been

afforded] a meaningful opportunity to consider allegations of legal error without interference from the federal judiciary." *Vasquez v. Hillery*, 474 U.S. 254, 257 (1986). "[S]tate prisoners must give the state courts one full opportunity to resolve any constitutional issues by invoking one complete round of the State's established appellate review." *O'Sullivan v. Boerckel*, 526 U.S. 838, 845 (1999). Although there is no exhaustion requirement mandated by 28 U.S.C. § 2241(c)(3), courts have held exhaustion is necessary as a matter of comity unless special circumstances warrant federal intervention prior to a state criminal trial. *Carden v. Montana*, 626 F.2d 82, 83-84 (9th Cir. 1980); *see Younger v. Harris*, 401 U.S. 37 (1971).

In his petition, traverse, and response to the Court's order to show cause, petitioner alleges that he has been through one complete round of the state's established appellate process. Dkt. 11 at 4-5; Dkt. 12 at 6-7; Dkt. 19 at 1-3. Petitioner first alleges that he previously filed a personal restraint petition in June 2017, which was dismissed. Dkt. 11 at 4; Dkt. 12 at 7. Next, petitioner alleges that he filed a motion to dismiss for lack of jurisdiction in state court. Dkt. 11 at 5-6; Dkt. 12 at 8, 23-33. Petitioner alleges that the state court failed to address the motion. *Id.* Petitioner alleges that he filed another petition on August 14, 2019, again challenging the state court's jurisdiction. Dkt. 12 at 8-9, 34-49. Petitioner refers, in part, to exhibits filed in a prior case because he is currently unable to obtain copies of his prior petitions and filings. *See* Dkt. 12 at 6-9 (citing *State of Washington v. Headrick,* 19-cv-5015-BHS-DWC, Dkt. 2).

Here, respondent contends that petitioner has failed to properly exhaust his state court remedies as to any of his habeas grounds, and that the petition should be dismissed without prejudice. Dkt. 18. Respondent maintains that petitioner "has not previously argued lack of jurisdiction or double jeopardy on appeal. Consequently, [petitioner] has never presented his current claims to the Court of Appeals under a personal restraint petition or the Washington

Supreme Court as federal claims." Dkt. 18 at 4. Respondent's response does not address petitioner's arguments that he has previously raised his claims in state court, and these filings were not included in the state court record. *See* Dkt. 18.

At this time, the Court is not yet able to determine whether petitioner has exhausted his state remedies or whether there are no state remedies available. *Stack v. Boyle*, 342 U.S. 1, 6–7 (1951) ("the District Court should withhold relief in this collateral habeas corpus action where an adequate remedy available in the criminal proceeding has not been exhausted); *Williams v. Los Angeles Superior Court*, 2014 WL 2533804, *4 (C.D. Cal. June 4, 2014) (finding petitioner failed to exhaust his remedies and was not entitled to relief under § 2241 where he did not seek any relief in the state court of appeals or state supreme court). As such, the Court requests a supplemental response addressing petitioner's prior personal restraint petitions and related state court pleadings challenging the state court's jurisdiction and double jeopardy. Respondent should also address exhaustion as it relates to § 2241 petitions and whether any special circumstances exist which would warrant federal intervention. *See Carden*, 626 F.2d at 83-84.

Therefore, it is ORDERED:

1) Respondent is ordered to file a supplemental response on or before March 13, 2020. Respondent should provide additional relevant state court records for consideration with his supplemental response.
2) Petitioner may file a supplemental traverse to respondent's supplemental response by March 27, 2020. Petitioner may only address the new arguments raised by respondent.
3) Respondent may file a reply to the supplemental traverse on or before April 3, 2020.

1     The Clerk is directed to re-note this habeas petition for the Court's consideration on April 3, 2020.

    Dated this 5th day of February, 2020.

*[signature]*

J. Richard Creatura
United States Magistrate Judge

ORDER FOR SUPPLEMENTAL BRIEFING - 4