UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

JOHN G. HEADRICK,

                Petitioner,

    v.

RICHARD R. SCOTT,

                Respondent.

CASE NO. 3:19-cv-05725-BHS-JRC

ORDER

The District Court has referred this petition for a writ of habeas corpus to United States Magistrate Judge, J. Richard Creatura. Before the Court is petitioner's motion for extension and the appointment of counsel. Dkt. 25. The Court grants petitioner's request for an extension and denies his request for the appointment of counsel.

**1. Extension (Dkt. 25)**

Petitioner seeks an extension, but he does not state a specific timeframe or which deadline he seeks relief from. Dkt. 25. The Court construes petitioner's request as seeking an extension to file a response to the Court's order for supplemental briefing (Dkt. 20) and file a

response to respondent's motion to dismiss (Dkt. 24). *See* Dkt. 25. Petitioner explains that he has been transferred between several Department of Corrections ("DOC") facilities, quarantined, and placed in administrative segregation and has not been able to access his legal materials. Dkt. 25 at 2.

The Court finds that petitioner shows good cause for an extension and that a thirty-day extension is appropriate. Accordingly, petitioner's request for an extension (Dkt. 25) is granted. Petitioner's response to the Court's order for supplemental briefing and respondent's motion to dismiss will be due on or before May 29, 2020. Respondent may file a reply to the supplemental reply on or before June 5, 2020.

The Clerk is directed to re-note the petition (Dkt. 6), motion to supplement (Dkt. 21), motion for temporary restraining order (Dkt. 22), and motion to dismiss (Dkt. 24) for June 5, 2020.

**2. Appointment of Counsel (Dkt. 25)**

With respect to petitioner's request for counsel, petitioner states the complex legal issues are difficult for him understand, and that he is unable to litigate effectively. Dkt. 25 at 4. There is no right appointed counsel in cases brought under 28 U.S.C. § 2254 unless an evidentiary hearing is required or such appointment is "necessary for the effective utilization of discovery procedures." *See McCleskey v. Zant*, 499 U.S. 467, 495 (1991); *United States v. Duarte-Higareda*, 68 F.3d 369, 370 (9th Cir. 1995); *United States v. Angelone*, 894 F.2d 1129, 1130 (9th Cir. 1990); *Weygandt v. Look*, 718 F.2d 952, 954 (9th Cir. 1983); Rules Governing Section 2254 Cases in the United States District Courts 6(a) and 8(c). The Court may appoint counsel "at any stage of the case if the interest of justice so require." *Weygandt*, 718 F.2d at 754. In deciding whether to appoint counsel, the Court "must evaluate the likelihood of success on the merits as

1   well as the ability of the petitioner to articulate his claims pro se in light of the complexity of the
2   legal issues involved." *Id.*

3   Here, petitioner effectively articulated his grounds for relief raised in the petition, the
4   grounds are not factually or legally complex, and he has not shown that he is likely to succeed
5   on the merits of the petition. *See* Dkt. 6, 25. Thus, petitioner has not shown the interest of justice
6   requires the Court to appoint counsel at this stage in the case. Accordingly, petitioner's request
7   for the appointment of counsel (Dkt. 25) is denied without prejudice.

### 3. Conditions of Confinement Claims

The Court also notes that petitioner's motion includes various allegations related to his conditions of confinement over the past sixty days. Dkt. 25. Any claims challenging his conditions of confinement can only be considered in a separate 42 U.S.C. § 1983 civil rights complaint. *See Alcala v. Rios*, 434 Fed. Appx. 668, 669-70 (9th Cir. 2011) (finding claims challenging the conditions of confinement were not cognizable as a federal habeas petition and should be brought as a civil rights action).

Dated this 24th day of April, 2020.

J. Richard Creatura
United States Magistrate Judge