UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| JOHN G. HEADRICK,<br><br>                Petitioner,<br><br>   v.<br><br>RICHARD R. SCOTT,<br><br>                Respondent. | CASE NO. 3:19-cv-05725-BHS-JRC<br><br>ORDER TO SHOW CAUSE |

Petitioner, proceeding *pro se*, previously a pretrial detainee, initially filed a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241. Petitioner then consented to conversion of his § 2241 petition into a petition filed under 28 U.S.C. § 2254 after he was convicted. Dkt. 29, 30.

The Court advises petitioner that it now converts his previously filed § 2241 petition to a petition filed pursuant to § 2254 (hereinafter "the petition"). *See Dominguez v. Kernan*, 906 F.3d 1127, 1138 (9th Cir. 2018) (Courts have recognized that, "[i]f the petition is filed by a pre-trial detainee under § 2241 who is subsequently convicted, the federal court may convert the § 2241 petition to a § 2254 petition."). However, the petition does not comply with the Rules Governing

Section 2254 Cases. The Court provides petitioner leave to file an amended § 2254 petition by September 19, 2020 to cure the deficiencies identified herein.

Under Rule 2(b) of the Rules Governing Section 2254 Cases, "the petition must ask for relief from the state-court judgment being contested." The petition must "substantially follow" a form prescribed by the local district court or the form attached to the Rules Governing Section 2254 Cases. *Id.* at Rule 2(d).

The petition was filed on the Court's § 2241 form petition and is missing basic facts regarding petitioner's conviction and sentence. Dkt. 11. Specifically, petitioner has failed to:

1) Name the state officer who has custody over petitioner;[1]
2) Indicate whether he has exhausted his remedies in state court; and
3) Substantially follow the Court's 2254 form.

With respect to the exhaustion of his state court remedies, petitioner may pursue federal habeas relief pursuant to § 2254 only *after* he has exhausted his state judicial remedies. *See Preiser v. Rodriguez*, 411 U.S. 475, 500 (1973). The exhaustion of state court remedies is a prerequisite to the granting of a petition for writ of habeas corpus. 28 U.S.C. § 2254(b)(1). A petitioner can satisfy the exhaustion requirement by providing the highest state court with a full and fair opportunity to consider all claims before presenting them to the federal court. *Picard v. Connor*, 404 U.S. 270, 276 (1971); *Middleton v. Cupp*, 768 F.2d 1083, 1086 (9th Cir. 1985). Full and fair presentation of claims to the state court requires "full factual development" of the claims in that forum. *Kenney v. Tamayo-Reyes*, 504 U.S. 1, 8 (1992). The petition, which is

---

[1] The proper respondent to a habeas petition is the "person who has custody over [the petitioner]." 28 U.S.C. § 2242; see also § 2243; *Brittingham v. United States*, 982 F.2d 378 (9th Cir. 1992); *Dunne v. Henman*, 875 F.2d 244, 249 (9th Cir. 1989). According to the petition, petitioner is currently housed at Airway Heights Corrections Center ("AHCC"). The Superintendent of AHCC is James Key.

filed on the incorrect form (filed on a § 2241 form, not a § 2254 form) states that petitioner has exhausted his state court remedies in 2018 by filing a state habeas petition and personal restraint petition with the Washington state courts. Dkt. 11 at 4-5. However, it appears petitioner was recently convicted and is not clear to the Court how petitioner exhausted his federal habeas claims in 2018, *before* he was convicted. In addition, in his response, petitioner states he is "not challenging the underlying state court conviction" but rather, he is attempting to challenge the state court's jurisdiction, warrantless arrest, and "double jeopardy." Dkt. 30. Therefore, petitioner is directed to show cause and file an amended petition indicating how and when he has satisfied the exhaustion requirement. Further, petitioner must clearly identify his current sentence and conviction and his grounds for relief. Otherwise, his petition is subject to dismissal.

If petitioner intends to pursue this habeas action, he must file an amended petition complying with Rule 2 of the Rules Governing Section 2254 Cases on the form provided by the Court. The amended petition must provide all the information required therein. The amended petition must also be legibly rewritten or retyped in its entirety, it should be an original and not a copy, it should contain the same case number, and it may not incorporate any part of the original petition by reference. The amended petition will act as a complete substitute for the original petition, and not as a supplement. If petitioner fails to adequately address the issues raised herein and file an amended petition on or before September 19, 2020 the undersigned will recommend dismissal of this action.

The Clerk shall send petitioner the form petition for 28 U.S.C. § 2254 petitions.

Dated this 20th day of August, 2020.

J. Richard Creatura
United States Magistrate Judge