UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| JOHN G. HEADRICK,<br><br>                    Petitioner,<br><br>        v.<br><br>RICHARD R. SCOTT,<br><br>                    Respondent. | CASE NO. 3:19-cv-05725-BHS-JRC<br><br>REPORT AND RECOMMENDATION<br><br>NOTED FOR: SEPTEMBER 25, 2020 |

Petitioner, proceeding *pro se*, was a pretrial detainee, and initially filed a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241. Petitioner then consented to conversion of his § 2241 petition into a petition filed under 28 U.S.C. § 2254 after he was convicted. Dkt. 29, 30.

Before the Court is (1) petitioner's motion to supplement the record (Dkt. 21); (2) motion for temporary restraining order (Dkt. 22); and (3) respondent Scott's motion to dismiss (Dkt. 24). After reviewing the motions and amended petition, the Court recommends dismissing all pending motions as moot without prejudice as the motions are based on petitioner's § 2241 petition, which is now proceeding as a § 2254 petition.

REPORT AND RECOMMENDATION - 1

1       On December 26, 2019, petitioner filed the § 2241 petition. Dkt. 11. On February 19,
2  2020 he filed a motion to supplement the record, seeking to supplement the record with
3  documents filed in the Grays County Superior Court. Dkt. 21. On February 28, 2020, petitioner
4  filed a motion for temporary restraining order, which the Court interpreted as seeking the same
5  relief as the petition – release from confinement at Grays Harbor County Jail and that this Court
6  intervene with the pending state court proceedings because the state court lacks jurisdiction. Dkt.
7  22, 23. On March 12, 2020, respondent filed a motion to dismiss arguing that respondent no
8  longer has custody of petitioner and therefore, he cannot provide a remedy and the issue is moot.
9  Dkt. 24. On July 1, 2020, the Court ordered petitioner to advise the Court if he consented to
10 converting his § 2241 petition to a § 2254 petition on or before July 31, 2020. Dkt. 29.  On July
11 10, 2020, petitioner responded with his consent to convert his petition and stated that he raises
12 the same grounds for relief. Dkt. 30. On August 20, 2020, the Court converted the § 2241
13 petition to a § 2254 petition and ordered petitioner to show cause why the § 2254 petition should
14 not be dismissed for failure to exhaust and name a proper respondent. Dkt. 31. Petitioner was
15 directed to show cause on or before September 19, 2020.

16      Here, the pending motions (Dkts. 21, 22, 24) attack the § 2241 petition, which has been
17 converted to a § 2254 petition. Further, after a review of the docket, petitioner is no longer
18 housed at Grays Harbor County Jail and petitioner has been directed to name a proper
19 respondent, which is no longer Richard Scott. Accordingly, the undersigned recommends
20 denying all pending motions as moot without prejudice based on the Court's recharacterization
21 of petitioner's § 2241 petition to a § 2254 petition. Based on the foregoing, the Court
22 recommends a certificate of appealability be denied.

1 | Pursuant to 28 U.S.C. § 636(b)(1) and Rule 72(b) of the Federal Rules of Civil
2 | Procedure, the parties shall have fourteen (14) days from service of this Report to file written
3 | objections. See also Fed. R. Civ. P. 6. Failure to file objections will result in a waiver of those
4 | objections for purposes of appeal. *Thomas v. Arn*, 474 U.S. 140 (1985). Accommodating the time
5 | limit imposed by Rule 72(b), the clerk is directed to set the matter for consideration on
6 | September 25, 2020 as noted in the caption.

7 | Dated this 24th day of August, 2020.

J. Richard Creatura
United States Magistrate Judge