UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

JOHN GRIFFIN HEADRICK,

    Petitioner,

v.

CHERYL STRANGE et al.,

    Respondents.

CASE NO. 3:19-cv-05725-BHS-JRC

ORDER TO AMEND

This matter is before this Court on petitioner's amended petition for writ of habeas corpus under § 28 U.S.C. § 2254. Dkt. 40. As discussed below, the Court will order petitioner to file a second amended petition.

Petitioner, through his wife, Mrs. Headrick, filed his amended petition on this Court's form for § 2254 actions. Dkt. 40 at 66–67. However, the form is largely blank, containing only some basic information about the conviction petitioner challenges. *Id.* at 67–81. Neither petitioner nor Mrs. Headrick signed the form. *Id.* at 82.

In support of the form, petitioner includes a 66-page memorandum. *Id.* at 1–66. On the last page, the memorandum states: "I, Shannan Headrick, am signing for my husband John G.

ORDER TO AMEND - 1

Petitioner [sic] as he is still recovering from medical issues (Colon Cancer, Gallbladder Removal, being exposed to Covid-19 and contracting [the] virus)." *Id.* at 66.

A § 2254 petition must "substantially follow" this Court's form for § 2254 actions. Rule 2(d), Rules Governing § 2254 Cases ("§ 2254 Rules"). Furthermore, the petition must "be signed under penalty of perjury by the petitioner or by a person authorized to sign it for the petitioner under 28 U.S.C. § 2242." Rule 2(c)(5), § 2254 Rules. The signature must be handwritten, not typewritten. *Compare Becker v. Montgomery*, 532 U.S. 757, 764 (2001) (to be signed under Federal Rule of Civil Procedure 11(a), pleading must be "handwritten"), *with* Rule 12, § 2254 Rules (courts may apply the Federal Rules of Civil Procedure to a proceeding under the § 2254 Rules).

Under § 2242 a "next friend" may, in appropriate circumstances, "appear in court on behalf of [a] detained prisoner[] who [is] unable, usually because of mental incompetence or inaccessibility, to seek relief [himself]." *Whitmore v. Arkansas*, 495 U.S. 149, 162 (1990). "A 'next friend' does not himself become a party to the habeas corpus action in which he participates, but simply pursues the cause on behalf of the detained person, who remains the real party in interest." *Id.* at 163 (citations omitted).

"Next friend" status, however, "is by no means granted automatically to whomever seeks to pursue an action on behalf of another," and "[d]ecisions applying [§ 2242] have adhered to at least two firmly rooted prerequisites for 'next friend' standing." *Id.* "First, a 'next friend' must provide an adequate explanation—such as inaccessibility, mental incompetence, or other disability—why the real party in interest cannot appear on his own behalf to prosecute the action." *Id.* (citations omitted). "Second, the 'next friend' must be truly dedicated to the best interests of the person on whose behalf he seeks to litigate, and it has been further suggested that

a 'next friend' must have some significant relationship with the real party in interest." *Id.* at 163–64.

"The burden is on the 'next friend' clearly to establish the propriety of his status and thereby justify the jurisdiction of the court." *Id.* at 164 (citations omitted). When an individual brings a habeas action on behalf of a prisoner and fails to demonstrate "next friend" status, this Court lacks jurisdiction over the action. *See id.* at 166.

Here, Mrs. Headrick has not yet sufficiently shown that she is petitioner's "next friend." Her allegations that petitioner's medical issues have prevented him from prosecuting this action are conclusory. Furthermore, she has not submitted any evidence that these medical issues have "substantially affected his capacity" to prosecute this action. *See Whitmore*, 495 U.S. at 166 (citation omitted). Additionally, petitioner has filed several pleadings and papers in this case, one as recently as March 23, 2021, without the assistance of his wife. *See, e.g.*, Dkts. 11, 19, 24, 30, 38. These documents indicate that—at least until March 2021—petitioner had the physical and mental capacity to prosecute this action. Mrs. Headrick has not shown that petitioner's medical issues became so severe after this date as to prevent him from prosecuting this action.

Moreover, the petition is deficient. Because it is largely blank, the form does not substantially comply with this District's form for § 2254 cases, which elicits specific information. Likewise, petitioner's excessively long memorandum fails to answer the form's specific questions. Furthermore, neither petitioner nor Mrs. Headrick signed the form; their typewritten names do not count as signatures under the § 2254 Rules.

Accordingly, this Court **ORDERS** as follows:

1. Petitioner must file a second amended petition that cures the above deficiencies by **October 4, 2021**. If Mrs. Headrick wishes to proceed as petitioner's "next friend," she must demonstrate "next friend" status as explained above.

2. The second amended petition must be filed on this District's § 2254 form, legibly written or retyped in its entirety, and filled out completely. Furthermore, the second amended petition must contain the same case number and not incorporate by reference any part of any previous petition. The second amended petition will act as a complete substitute for any previous petition.

3. If petitioner requires additional space to articulate his claims, he may submit no more than **ten (10)** continuation sheets. Any continuation sheet, whether handwritten or typewritten, must comply with this District's Local Rules governing form of filings, including rules governing text size, margin size, and line spacing. *See* Local Rule 10(d)–(e).

4. The second amended petition must not incorporate by reference any argument or text from any other document, including any exhibit. However, petitioner may, if he wishes, submit any exhibit necessary to support the second amended petition's allegations.

5. If petitioner does not submit his second amended petition by **October 4, 2021**, or otherwise fails to comply with this order, this Court **will dismiss this case or impose any appropriate sanction.**

The Clerk is directed to **SEND** both petitioner and Mrs. Headrick the appropriate forms for filing a § 2254 action and copies of this order.

ORDER TO AMEND - 4

Dated this 3rd day of September, 2021.

J. Richard Creatura
Chief United States Magistrate Judge

ORDER TO AMEND - 5