UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

JOHN GRIFFIN HEADRICK,

    Petitioner,

v.

CHERYL STRANGE, *et al.*,

    Respondents.

CASE NO. 3:19-cv-05725-BHS-JRC

REPORT AND RECOMMENDATION

NOTED FOR:  October 29, 2021

The District Court has referred this petition for a writ of habeas corpus to United States Magistrate Judge J. Richard Creatura. This Court's authority for the referral is 28 U.S.C. § 636(b)(1)(A) and (B), and local Magistrate Judge Rules MJR3 and MJR4. Petitioner filed the petition pursuant to 28 U.S.C. § 2254.

Because petitioner's amended petition was deficient, this Court ordered him to file a second amended petition. To date, however, petitioner has not filed a second amended petition. Furthermore, state judicial records show that petitioner's direct appeal is pending. So this case

REPORT AND RECOMMENDATION - 1

1  should be dismissed without prejudice for failure to prosecute and failure to comply with a court
2  order or, alternatively, failure to exhaust state remedies.

## BACKGROUND AND DISCUSSION

In August 2019, petitioner filed a petition for writ of habeas corpus under 28 U.S.C. § 2241. Dkt. 1. On March 6, 2020, following a guilty verdict, the trial court adjudged petitioner guilty of one count of first-degree child molestation and sentenced him to life without the possibility of release. Dkt. 24 at 6, 8, 14. On July 10, 2020, petitioner consented to the conversion of his § 2241 petition to a § 2254 petition. Dkt. 30.

Relevant here, on June 22, 2021, petitioner filed an amended § 2254 petition. Dkt. 40. On September 3, 2021, because the amended petition was deficient, this Court ordered petitioner to file a second amended petition. Dkt. 43. The order to amend stated that, if petitioner did not submit his second amended petition by October 4, 2021, this Court would dismiss the case. *Id.* at 4. To date, petitioner has not filed a second amended petition. Furthermore, petitioner has not filed a motion for extension of time or otherwise attempted to justify his failure to file comply with the order to amend. Accordingly, this case should be dismissed without prejudice for failure to prosecute and failure to comply with a court order.

Dismissal of this action without prejudice would not automatically result in any future § 2254 petition's dismissal as untimely. Publicly available state judicial records indicate that petitioner's direct appeal of his judgment of conviction is pending. *See* https://dw.courts.wa.gov/?fa=home.casesearch&terms=accept&flashform=0&tab=sup (searching Grays Harbor County Superior Court Case Number 17-1-00032-1; clicking "Available" link in first result; clicking "Judgment Rec # 179606091" to access docket; considering "Sub 202," which is a perfection notice from the Court of Appeals dated March 20, 2020); *see also* Dkt. 40

at 68 (petitioner's alleging that he appealed his judgment of conviction but not stating the appeal's outcome). This Court "may take notice of proceedings in other courts, both within and without the federal judicial system, if those proceedings have a direct relation to matters at issue." *U.S. ex rel. Robinson Rancheria Citizens Council v. Borneo, Inc.*, 971 F.2d 244 (9th Cir. 1992) (collecting cases) (internal quotation marks omitted); *accord Harris v. Cty. of Orange*, 682 F.3d 1126, 1132 (9th Cir. 2012) ("We may take judicial notice of . . . documents on file in federal or state courts." (citation omitted)).

Because petitioner's direct appeal is pending, his judgment of conviction is not "final" under § 2244(d). *See Jimenez v. Quarterman*, 555 U.S. 113, 119–20 (2009). Consequently, § 2244(d)'s one-year statute of limitations has yet to start running. *See id.* at 118–20. And, because petitioner's direct appeal is pending, he has yet to exhaust state court remedies. *See, e.g.*, *Sherwood v. Tomkins*, 716 F.2d 632, 634 (9th Cir. 1983) ("When . . . an appeal of a state criminal conviction is pending, a would-be habeas corpus petitioner must await the outcome of his appeal before his state remedies are exhausted . . . .").

In sum, this case should be dismissed without prejudice for failure to prosecute and failure to comply with a court order or, alternatively, for failure to exhaust.

## EVIDENTIARY HEARING

The decision to hold an evidentiary hearing is committed to this Court's discretion. *Schriro v. Landrigan*, 550 U.S. 465, 473 (2007). "[I]f the record . . . precludes habeas relief, a district court is not required to hold an evidentiary hearing." *Id.* at 474.

Here, dismissal is proper for failure to prosecute and failure to comply with a court order. Furthermore, petitioner has not exhausted his claims. So an evidentiary hearing is improper.

## CERTIFICATE OF APPEALABILITY

A petitioner seeking post-conviction relief under § 2254 may appeal a district court's dismissal of the federal habeas petition only after obtaining a certificate of appealability (COA) from a district or circuit judge. A certificate of appealability may issue only if a petitioner has made "a substantial showing of the denial of a constitutional right." *See* 28 U.S.C. § 2253(c)(2). "When the district court denies a habeas petition on procedural grounds without reaching the prisoner's underlying constitutional claim, a COA should issue when the prisoner shows . . . that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *Slack v. McDaniel*, 529 U.S. 473, 478 (2000). Because petitioner has not so shown, a COA should be denied.

## *IN FORMA PAUPERIS* ("IFP") STATUS ON APPEAL

Petitioner should not be granted IFP status for purposes of an appeal of this matter. IFP status on appeal shall not be granted if the district court certifies "before or after the notice of appeal is filed" "that the appeal is not taken in good faith[.]" *See* Fed. R. App. P. 24(a)(3)(A). "The good faith requirement is satisfied if the petitioner seeks review of any issue that is not frivolous." *Gardner v. Pogue*, 558 F.2d 548, 551 (9th Cir. 1977) (citation and internal quotation marks omitted). Generally, an issue is not frivolous if it has an "arguable basis either in law or in facts." *See Neitzke v. Williams*, 490 U.S. 319, 325 (1989). Because any appeal from this matter would be frivolous, IFP status should not be granted for purposes of appeal.

**CONCLUSION**

As discussed above, it is recommended that this case be DISMISSED WITHOUT PREJUDICE for failure to prosecute and failure to comply with a court order or, alternatively, for failure to exhaust. It is further recommended that a certificate of appealability be DENIED and that this case be CLOSED.

Pursuant to 28 U.S.C. § 636(b)(1) and Fed. R. Civ. P. 72(b), the parties shall have fourteen (14) days from service of this Report to file written objections. *See also* Fed. R. Civ. P. 6. Failure to file objections will result in a waiver of those objections for purposes of *de novo* review by the district judge, *see* 28 U.S.C. § 636(b)(1)(C), and can result in a waiver of those objections for purposes of appeal. *See Thomas v. Arn*, 474 U.S. 140, 142 (1985); *Miranda v. Anchondo*, 684 F.3d 844, 848 (9th Cir. 2012). Accommodating the time limit imposed by Rule 72(b), the Clerk is directed to set the matter for consideration on **October 29, 2021** as noted in the caption.

Dated this 13th day of October, 2021.

J. Richard Creatura
Chief United States Magistrate Judge