UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| JOHN GRIFFIN HEADRICK, <br><br> Petitioner, <br><br> v. <br><br> CHERYL STRANGE, et al., <br><br> Respondents. | CASE NO. C19-5725 BHS <br><br> ORDER ADOPTING REPORT AND RECOMMENDATION |

This matter comes before the Court on the Report and Recommendation ("R&R") of the Honorable J. Richard Creatura, United States Magistrate Judge, Dkt. 44, and Petitioner's objections to the R&R, Dkt. 45.

In August 2019, Petitioner John Headrick filed a petition for habeas corpus pursuant to 28 U.S.C. § 2241. Dkt. 1. On March 6, 2020, following a guilty verdict, the Grays Harbor County Superior Court adjudged Petitioner guilty of one count of first-degree child molestation and sentenced him to life without the possibility of early release. *See* Dkt. 24, Ex. A. In July 2020, Petitioner consented to the conversion of his § 2241 petition to a § 2254 petition. Dkt. 30.

1 Subsequently, Petitioner filed an amended § 2254 petition in June 2021. Dkt. 40.
2 On September 3, 2021, the Court ordered Petitioner to file a second amended petition
3 because the first amended petition was deficient. Dkt. 43. The Court warned Petitioner
4 that failure to comply would result in dismissal of his case. *Id.* Petitioner did not file an
5 amended petition.

6 Judge Creatura then issued the instant R&R, recommending that the Court dismiss
7 Petitioner's case for failure to prosecute and failure to comply with a Court order. Dkt. 44
8 at 2. The R&R also recommends dismissal because Petitioner's direct appeal of his
9 underlying state court judgment of conviction is still pending. *Id.* at 2–3. As such, the
10 R&R concluded that Petitioner's judgment of conviction is not final under 28 U.S.C.
11 § 2244(d) and that he has yet to exhaust his state court remedies. *Id.* at 3 (citing, *inter
12 alia*, *Sherwood v. Tomkins*, 716 F.2d 632, 634 (9th Cir. 1983)).

13 Shannan Headrick, purportedly on behalf of Petitioner, then filed objections to the
14 R&R. Dkt. 45. Ms. Headrick asserts that she e-filed an amended complaint as "next
15 friend" of Petitioner due to Petitioner's ongoing medical issues. *Id.* Ms. Headrick asks the
16 Court to allow her to resubmit the amended petition. *Id.*

17 The district judge must determine de novo any part of the magistrate judge's
18 disposition that has been properly objected to. The district judge may accept, reject, or
19 modify the recommended disposition; receive further evidence; or return the matter to the
20 magistrate judge with instructions. Fed. R. Civ. P. 72(b)(3).

21 As a preliminary matter, Ms. Headrick is not permitted to appear on behalf of
22 Petitioner. Representing another person in court is the practice of law. To practice law,

one must be an attorney. RCW 2.48.170. There is a pro se exception to this general rule, under which a person "may appear and act in any court as his own attorney without threat of sanction for unauthorized practice." *Cottringer v. State, Dep't of Emp. Sec.*, 162 Wn. App. 782, 787 (2011). The pro se exception is, however, extremely limited and applies "only if the layperson is acting solely *on his own behalf*" with respect to his own legal rights and obligations. *Id.* at 787–88 (emphasis added). Thus, even if the Court had received the amended petition Ms. Headrick states she filed, it would be improper for her to file on behalf of Petitioner, and the Court would not consider the amended petition.

And even assuming the Court could consider an amended petition filed by Ms. Headrick, the Court agrees with the R&R that this case should be dismissed without prejudice for failure to exhaust. The publicly available state judicial records indicate that Petitioner's direct appeal of his underlying state court judgment of conviction is still pending. "When, as in the present case, an appeal of a state criminal conviction is pending, a would-be habeas corpus petitioner must await the outcome of his appeal before his state remedies are exhausted . . . ." *Sherwood*, 716 F.2d at 634. Petitioner's case must therefore be dismissed for failure to exhaust.

The Court having considered the R&R, Petitioner's objections, and the remaining record, does hereby find and order as follows:

(1)    The R&R is **ADOPTED**;

(2)    This action is **DISMISSED without prejudice**;

(3)    Certificate of Appealability is **DENIED**;

1   (4)   Permission to proceed *in forma pauperis* is **REVOKED** for the purposes of
2         any appeal; and
3   (5)   The Clerk shall enter a JUDGMENT and close the case.
4   Dated this 14th day of December, 2021.

*[signature]*

BENJAMIN H. SETTLE
United States District Judge

ORDER - 4